UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

FERNANDA RAMOS,

                        Plaintiff,                           **COMPLAINT WITH**
                                                             **JURY DEMAND**

            -against-

THE CITY OF NEW YORK, RAYMOND KELLY, as Police          **DOCKET NO.**
Commissioner of the New York City Police Department,
ASSISTANT CHIEF GARY STREBEL, and CAPTAIN
JOSEPH DIBARTOLOMEO, each sued in their individual and
official capacities,

                        Defendants.
------------------------------------------------------------------------------X

        Plaintiff, FERNANDA RAMOS, by and through her attorneys, the law firm of CRONIN

& BYCZEK, LLP, as and for her Complaint against Defendants, respectfully sets forth the

following:

        1.      This action is hereby commenced for the purpose of seeking to secure protection

of, and to redress the deprivation of, rights secured by the United States Constitution, Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, New York State Executive Law

§ 296, and New York City Human Rights Law § 8-107 et. seq., providing for relief based upon

Defendants' unlawful employment practices of engaging in discrimination based upon

PLAINTIFF's gender, race, and retaliation.


                                    **JURISDICTION**

        2.      The jurisdiction of this Court is invoked based upon federal question and pursuant

to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§ 1343(3)

and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. §§ 2000e through 2000e (15).

3.      This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

4.      Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state claims set forth in all counts.

5.      The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and provisions against gender and race discrimination, and retaliation in employment based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, along with applicable provisions of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

6.      On or about December 8, 2011, Plaintiff, FERNANDA RAMOS (hereinafter "PLAINTIFF"), in accordance with applicable law, filed a Verified Charge with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates Charges of Discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7.      Said Verified Charge charged that Defendants engaged in unlawful employment discrimination practices based upon gender and race, and retaliation for engaging in protected activity, and the creation of a hostile work environment.

8.      On April 5, 2012, the EEOC issued a "Right to Sue" Letter advising PLAINTIFF of the completion of her prerequisites to file suit in federal court.  PLAINTIFF received said "Right to Sue" Letter on April 10, 2012.  A copy of the "Right to Sue" Letter issued to PLAINTIFF is annexed hereto as **Exhibit "A"**.

9.      A copy has been served on the authorized agent of the New York City Human Rights Commission and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 and 8-107 of the New York City Administrative Code.

## VENUE

10.      Venue is proper within the Southern District of New York, as the course of Defendants' conduct took place within the boundaries of the Southern District, and the instant causes of action are based upon violations of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## PARTIES

11.      PLAINTIFF is a female Hispanic of Puerto Rican descent and a citizen of the United States.  At all times relevant to this action, PLAINTIFF was a uniformed member of the New York City Police Department where she served until her retirement on April 29, 2011.

12.      Defendant, CITY OF NEW YORK (hereinafter "Defendant CITY"), is a municipal entity created and authorized under the laws of the State of New York.  Defendant CITY is authorized by law to maintain a Police Department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

13.      Defendant, RAYMOND KELLY (hereinafter "KELLY"), has been Police Commissioner of the New York City Police Department since January 2002 and was acting in such capacity at all times relevant herein; he is sued in his individual and official capacity.

14.  .   Defendant KELLY, as Police Commissioner, is responsible for the approval of all disciplinary matters including, but not limited to, penalties and severity of discipline to all members of the New York City Police Department.

15.   Defendant, ASSISTANT CHIEF GARY STREBEL (hereinafter "STREBEL"), was a duly sworn police officer of the NYPD and was acting as supervisor of said Department including PLAINTIFF and acted in accordance with his official duties.

16.   Defendant, CAPTAIN   JOSEPH   DIBARTOLOMEO   (hereinafter "DIBARTOLOMEO"), was a duly sworn police officer of the NYPD and was acting as supervisor of said Department including PLAINTIFF and acted in accordance with his official duties.

17.   That all times hereinafter mentioned the Defendants, STREBEL and DIBARTOLOMEO, either personally or through their employees, were acting under color of state law and/or compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18.   Each and all of the acts of the Defendants, STREBEL and DIBARTOLOMEO, alleged herein were done by said Defendants while acting within the scope of their employment by Defendant CITY.

19.   Each and all of the acts of the Defendants, STREBEL and DIBARTOLOMEO, alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant CITY.

## FACTUAL BACKGROUND

20.   PLAINTIFF was a New York City Police Officer having been duly appointed on April 30, 1991, who retired after completing twenty (20) years of New York State service.

21.    PLAINTIFF was granted a fully vested Service Retirement Pension in April, 2011.

22.    From 1991 to February 2011, PLAINTIFF enjoyed a spotless record always maintaining a 4.0 or better out of 5.0 evaluations with no history of discipline or civilian complaints.  In fact, apart from two minor command disciplines, PLAINTIFF enjoyed a most successful reputation within the NYPD.  During this time PLAINTIFF received numerous commendations, Commander Officer Days, and was called upon by her Commanding Officer to conduct fundraisers and organize Christmas parties for kids.

23.    PLAINTIFF, is a Puerto Rican female who opposes discriminatory practices and as such a member of a protected class.  PLAINTIFF charges the above-named Defendants with discrimination based upon their unlawful intentional pattern and practice of gender and race discrimination and retaliation.  The particulars are, but not limited to, the following:

24.    On April 30, 1991, PLAINTIFF was appointed to the New York City Police Department as a Police Officer.  PLAINTIFF maintained the rank of Police Officer and was assigned to "Midtown South" her entire career.  During her career, she had excellent evaluations maintaining "superior/outstanding" on nearly every evaluation during her twenty (20) year career.  During PLAINTIFF's career, she was never formally disciplined in any way, shape of form.  Contrary to the experience of most career patrol officers, she had no command disciplines and never received a civilian complaint.  PLAINTIFF received numerous Commanding Officer Days as a reward for conduct above and beyond the Call of Duty.  PLAINTIFF received five (5) letters of recommendation in her career.  She was selected to run fundraisers in the community and kids' Christmas parties at her Command.

25.    During PLAINTIFF's career, she was vocal in her defense of minority officers and the precepts of Equal Employment Opportunity.  Specifically, PLAINTIFF was vocally

supportive of the lawsuit promulgated by the National Latino Officers Association, <u>Latino Officers Association of the City of New York, et.al. v. The City of New York, et.al.</u>, venued in the United States District for the Southern District of New York under Docket Number 99 Civ. 9568.

26.    PLAINTIFF's date of retirement was April 29, 2011. She became eligible to go out on "Terminal Leave" on February 27, 2011 (Terminal Leave is time off prior to retirement. Her consultation with the Director of Retirement Counseling Unit was confirmed for March 2, 2011 by letter dated November 1, 2010.)

27.    On February 26, 2011, the date before the start of her Terminal Leave, PLAINTIFF received a phone call at home while on vacation that Internal Affairs intended to serve her with Disciplinary Charges.

28.    On February 28, 2011, PLAINTIFF received Formal Disciplinary Charges and Specifications. One of the charges was concerning an event with her niece that took place on October 1, 2010, while off duty. She had received a phone call from her niece concerning whether she was required to consent to a search of her residence. PLAINTIFF was charged with failing to notify the Department with her involvement in an off duty incident, despite the fact that she had no involvement in the incident. Further, PLAINTIFF was wrongfully accused of interfering with the official Department investigation that caused the Police to request the search of her niece's residence, contrary to standard operating procedure she was not informed at the time of the incident that her actions were inappropriate. PLAINTIFF was never questioned in a formal or informal way concerning her actions and was never asked to formally report her actions.

29.    Additionally and most outrageously, in the February 28, 2011 set of Formal Disciplinary Charges and Specifications, PLAINTIFF was charged with "knowingly associating

6

with a person...reasonably believed to be engaged in, likely to engage in or to have engaged in criminal activities." In essence, she was being accused or "residing with a known criminal from 2001 through February 28, 2011." The known criminal was her long-time live-in boyfriend from 2001 to present, with whom she had a minor altercation with in 2001. The altercation was investigated by the NYPD and while PLAINTIFF received a minor violation, she was never disciplined. Subsequent to the incident in 2001, her boyfriend successfully completed application and training and was hired as a Paramedic for the New York City Fire Department. Clearly the New York City Fire Department doesn't consider her boyfriend to be a "known criminal."

30.    Fellow white male officers who have not been supportive of claims of discrimination against the NYPD, have been asked and questioned by family members involved in pre-arrest investigations or search warrants and not been formally charged with discipline. Indeed, "courtesy cards" and "courtesy calls" are routinely accepted and made by members of the NYPD without fear of retaliatory discipline. Such examples include: P.O. Paulino, Detective Hovington, P.O. Harvey, Detective Macewen, and Lt. Joseph Salvato. Indeed, after 10 years, as Plaintiff is retiring these charges see nothing but maliciously motivated and motivated by gender and race. Examples of white male NYPD officers who were charged with formal discipline but permitted the full vested retirement including the privilege of a "Good Guy Letter" and pistol permit include Captain "John Smith" Tax #882908, P.O. Chris Sala, and Detective D. Scanlon.

31.    Upon service of the Disciplinary Charges, PLAINTIFF immediately complained of discrimination based on ethnic and gender status. She complained at the Midtown South Precinct Command Level, NYPD Department Advocate and also to Internal Affairs and the Retirement Counseling Unit that she believed that these charges were frivolous, unfounded and

untimely and proffered only with the malicious intent of discriminating against her. PLAINTIFF demanded that the charges be adjudicated immediately so that she could retire with all the customary "right and privilege" including the right to maintain her pistol permit and receive a "Good Guy Letter" for reference to future law enforcement employers, all to no avail.

32.    On April 29, 2011, PLAINTIFF retired as was her right having successfully served with an unblemished career, until her nineteen year and ten month anniversary. Unlike her fellow white male officers who retired, PLAINTIFF did not receive the privilege of a pistol permit and "Good Guy Letter" (a letter and a reference supplied to perspective employers and the New York State Division of Firearms Licensing. This status enables a retired law enforcement officer to retain their 'carrier permit' – the right to carry a concealed weapon and obtain subsequent employment such as private security or other law enforcement positions).

33.    PLAINTIFF specifically informed management that she was aware of no less than three white male officers at Midtown South alone that had recently retired with a gun permit and their "Good Guy Letter" despite having more serious unresolved Disciplinary Charges at the time of retirement.

34.    Specifically, PLAINTIFF alerted management to the retirement of white males, P.O. Fogarty, P.O. Cassidy, and P.O. Keller, who were involved in off-duty gun incidents and sexual abuse charges respectively, and were permitted to retire with their pistol permit and "God Guy Letter."

35.    PLAINTIFF believes that the NYPD, in an effort to harass her and economically damage her due to her gender, race and support of discrimination complainants, refused to allow PLAINTIFF to retire with her shield, gun permit and "Good Guy Letter."

36.    As recently as January 2012, PLAINTIFF applied for a position in Security at a New York State Community College and was denied employment for the specific reason that she did not have a "Good Guy Letter."

37.    PLAINTIFF has been treated unfairly and unequally and her opportunity for future employment and career advancement extinguished.  PLAINTIFF is in constant fear of never being gainfully employed again.  PLAINTIFF is humiliated, embarrassed and made to feel intimated and useless.

38.    PLAINTIFF has suffered economic, physical, emotional and mental damages. PLAINTIFF has stress, loss of hair, and has been forced to seek medical treatment for all of this including the loss of sleep.

39.    Upon information and belief, PLAINTIFF is not alone in that Defendant KELLY and the NYPD discriminate, harass and retaliate against Hispanic officers creating a hostile work environment and in 2004, the NYPD settled a class-action lawsuit, filed by the Latino Officer's Association against the City of New York, the NYPD, the Police Commissioner and other high-ranking officers of the NYPD, in the amount of TWENTY EIGHT MILLION DOLLARS ($28,000,000.00), to remedy unfair discipline meted out against minority police officers, LOA, et. al., v. City of New York, et. al., 99 Civ. 9568 (LAK).

40.    As a result of these aforementioned acts, PLAINTIFF has been caused tremendous personal anxiety, health concerns, personal and professional embarrassment and has damaged her professional reputation.  In addition, PLAINTIFF has suffered economic, physical, emotional and mental damages.

### AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST
### DEFENDANTS, KELLY, STREBEL and DIBARTOLOMEO,
### PURSUANT TO VIOLATIONS OF 42 U.S.C. § 1983

41.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42.    Defendants KELLY, STREBEL and DIBARTOLOMEO, are in violation of 42 U.S.C. § 1983, which authorizes this Court to redress the deprivation of rights, privileges and/or immunities secured by the United States Constitution that occur under color of state law.

43.    Throughout the events recited herein, Defendants KELLY, STREBEL and DIBARTOLOMEO, while acting under color of law, subjected PLAINTIFF to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution and Civil Rights as guaranteed under Article I, § II of the New York State Constitution, based on PLAINTIFF's gender and race, and retaliation, in violation of 42 U.S.C. § 1983.

44.    As a result, PLAINTIFF has been deprived of her Constitutional Rights, been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.  The actions of Defendants KELLY, STREBEL and DIBARTOLOMEO in depriving PLAINTIFF of her constitutional rights, as hereinbefore stated, were willful and malicious.

45.    As a result of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).  As a result of Defendant KELLY's actions, PLAINTIFF has suffered economic loss and continues to suffer to this day.

## AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST
## DEFENDANTS PURSUANT TO VIOLATIONS OF
## TITLE VII OF THE CIVIL RIGHTS ACT
## <u>AS AMENDED, BASED UPON GENDER</u>

46.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47.    Defendants discriminated against PLAINTIFF by engaging in severe and pervasive activities constituting gender discrimination, including, but not limited to, engaging in, condoning and tolerating unfair and gender motivated disciplinary actions against female officers within the NYPD and discrimination against PLAINTIFF with respect to the terms, conditions and privileges of her employment.  The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

48.    The named Defendants condoned, tolerated and undertook these unlawful actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

49.    By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

50.    As a result of the foregoing, PLANTIFF has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

51.    As a result of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

### AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANTS PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT AS AMENDED, BASED UPON RACE

52.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants discriminated against PLAINTIFF by engaging in severe and pervasive activities constituting race discrimination, including, but not limited to, engaging in, condoning and tolerating unfair and racially motivated disciplinary actions against Hispanic officers within the NYPD and discrimination against PLAINTIFF with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

54.     The named Defendants condoned, tolerated and undertook these unlawful actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

55.     By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

56.     As a result of the foregoing, PLANTIFF has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants, the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

57.     As a result of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANTS PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, <u>AS AMENDED, BASED UPON RETALIATION</u>

58.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

59.     Based upon the above, PLAINTIFF was discriminated against by Defendants by being forced to endure continued and repeated harassment.

60.     The Defendants intentionally and willfully harassed PLAINTIFF and permitted PLAINTIFF to be harassed in employment by retaliating against PLAINTIFF for exercising her lawfully protected right to formally complain of Defendants' discrimination.   Defendants retaliated against PLAINTIFF by denying her of the conditions, terms and privileges of her employment.  The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

61.     By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-3 (a).

62.     As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

63.     Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST
## ALL DEFENDANTS PURSUANT TO VIOLATIONS OF
## NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON GENDER

64.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, in their individual and professional capacities, discriminated against PLAINTIFF based upon her gender by treating similarly situated male employees more favorably.   The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

66.     Named Defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

67.     As a result of Defendants' gender discrimination, PLAINTIFF suffered significant adverse employment actions.

68.     By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(a).

69.     As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

70.     Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

### AS AND FOR PLAINTIFF'S SIXTH CLAIM AGAINST
### ALL DEFENDANTS PURSUANT TO VIOLATIONS OF
### NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RACE

71.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" with the same force and effect as if fully set forth herein.

72.    Defendants, in their individual and professional capacities, discriminated against PLAINTIFF based upon her race by treating similarly situated non-Hispanic employees more favorably.  The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

73.    Named Defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

74.    As a result of Defendants' race discrimination, PLAINTIFF suffered significant adverse employment actions.

75.    By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(a).

76.    As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

77.    Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RETALIATION

78.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants engaged in activities constituting retaliation against PLAINTIFF for her complaints, and in opposition to the harassment and gender and race discrimination of PLAINTIFF, including, but not limited to, subjecting PLAINTIFF to derogatory comments and hostility, unwarranted criticisms and complaints, embarrassment and humiliation in front of other employees, and refusing to respond to PLAINTIFF's demands to cease and desist the discrimination and harassment.   The named Defendants, in their individual and professional capacities, retaliated against PLAINTIFF because she opposed practices made unlawful by New York Law Executive Law § 296.

80.     By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296 (1) for which they are liable.

81.     As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss suffered as a consequence of Defendants' actions.

82.     Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM AGAINST
## ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK
## CITY HUMAN RIGHTS LAW § 8-107 BASED UPON GENDER

83.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" with the same force and effect as if fully set forth herein.

84.    Defendants discriminated against PLAINTIFF by engaging in activities constituting gender discrimination, including, but not limited to, condoning, tolerating and engaging in discriminatory conduct against PLAINTIFF with respect to the terms, conditions and privileges of her employment because of her gender.

85.    Defendants discriminated against PLAINTIFF by engaging in activities constituting discrimination based upon PLAINTIFF's gender, including but not limited to: condoning, tolerating and engaging discriminatory behavior.

86.    The named Defendants, condoned, tolerated and undertook these actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

87.    By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

88.    As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and has suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of the Defendants' actions.

89.    Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## AS AND FOR PLAINTIFF'S NINTH CLAIM AGAINST
## ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK
## CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RACE

90.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "89" with the same force and effect as if fully set forth herein.

91.    Defendants discriminated against PLAINTIFF by engaging in activities constituting race discrimination, including, but not limited to, condoning, tolerating and engaging in discriminatory conduct against PLAINTIFF with respect to the terms, conditions and privileges of her employment because of her race.

92.    Defendants discriminated against PLAINTIFF by engaging in activities constituting discrimination based upon PLAINTIFF's race, including but not limited to: condoning, tolerating and engaging discriminatory behavior.

93.    The named Defendants, condoned, tolerated and undertook these actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

94.    By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

95.    As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and has suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of the Defendants' actions.

96.    Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## AS AND FOR PLAINTIFF'S TENTH CLAIM AGAINST
## ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK
## CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RETALIATION

97.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "96" with the same force and effect as if fully set forth herein.

98.    Defendants engaged in retaliatory activities against PLAINTIFF for her complaints and objections to the discrimination based upon gender and race, including but not limited to, derogatory comments, unwarranted criticisms, complaints, embarrassment and humiliation in front of other employees, and refusing to respond to PLAINTIFF's demands to cease and desist.

99.    The named Defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as PLAINTIFF's supervisors.

100.    By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

101.    As a result of the foregoing, PLAINTIFF has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

102.    Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## AS AND FOR PLAINTIFF'S ELEVENTH CLAIM AGAINST
## ALL DEFENDANTS PURSUANT TO 42 U.S.C. § 1981

103.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "102" with the same force and effect as if fully set forth herein.

104.    Throughout the events cited herein, the individual Defendants, while acting under the color of law, subjected PLAINTIFF to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the equal protection and due process guarantees of the 14th Amendment and 1st Amendment free speech of the Constitution, civil rights as guaranteed under Article I, § II, of the New York State Constitution.

105.    PLAINTIFF has been deprived of her Constitutional rights to be free of discrimination based upon gender and race and retaliation, and has been damaged in her employment and has suffered emotional distress and conscious pain and suffering as a result of these actions.

106.    The actions of Defendants, in depriving PLANTIFF of her constitutional and civil rights, as herein before stated, were willful and malicious acts.

107.    As a result of the aforesaid wrongful, reckless and intentional acts of Defendants, PLAINTIFF has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR PLAINTIFF'S TWELFTH CLAIM
## AGAINST ALL DEFENDANTS (MONELL CLAIM)

108.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendant CITY has embarked on a course of conduct that deprives PLAINTIFF and other Hispanic Police Officers of their rights under the United States Constitution and Federal and State Law in violation of 42 U.S.C. § 1983.

110.    The actions of Defendant CITY, acting under of color of state and local law, custom and usage, have deprived PLAINTIFF and will deprive other females and Hispanic Police Officers in the future of their rights, privileges and immunities under the Laws and Constitution of the United States, and in particular, their right to be free of employment practices that are based solely on gender and race.

111.    Furthermore, as was proven in Latino Officers Association of the City of New York, et.al. v. The City of New York, et.al., venued in the United States District for the Southern District of New York under Docket Number 99 Civ. 9568, the NYPD has a history of discriminating and retaliating against Latino Officers by initiating fallacious disciplinary charges against them and inappropriately penalizing them and then routinely terminating Latino Officers with the intention of preventing them from reaching a full twenty (20) year vested pension or, as in this case, filing frivolous disciplinary charges against them on the eve of their retirement in an effort to prevent them from enjoying the complete rights and privileges of a fully vested retirement, namely the right to maintain a pistol permit and to receive a "Good Guy Letter".

112.    By these actions, Defendant CITY has jointly and severally deprived PLAINTIFF of her rights under the Fourteen Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

113.    By virtue thereof, PLAINTIFF is entitled to receive her pistol permit and "Good Guy Letter" as all white male NYPD Police Officers receive, and a permanent injunction against the NYPD from discriminating and retaliating against females and Hispanics in filing frivolous disciplinary charges on the eve of a fully vested retirement; together with compensatory and punitive damages, prohibiting the Defendant CITY from continuing to violate PLAINTIFF's civil rights as hereinbefore stated.

114.    Because of the foregoing, PLAINTIFF has been damaged in the amount of ONE MILLION ($1,000,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays that this Honorable Court grant the following relief:

1.    Declaring that the aforementioned discriminatory actions of Defendants are unconstitutional, and are in violation of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, the New York State Constitution, the New York State Executive Law § 296, and the New York Civil Rights Law § 8-107;

2.    Granting PLAINTIFF money damages in the amount of no less than ONE MILLION ($1,000,000.00) in compensatory damages or in an amount to be proven at trial for each cause of action;

3.    Granting PLAINTIFF ONE MILLION ($1,000,000.00) in punitive damages;

4.    Granting PLAINTIFF injunctive relief including restoring all rights and privileges to PLAINTIFF including providing a "Good Guy Letter" and the ability to obtain a pistol permit;

5.    Granting PLAINTIFF all costs for this action, including reasonable attorneys fees incurred by PLAINTIFF; and

6.    Granting PLAINTIFF such other and further relief as may be just and proper.

## JURY TRIAL

PLAINTIFF requests a jury trial on all questions of fact raised by this Complaint.


Dated: Lake Success, New York
      July 6, 2012


                              Yours, etc.

                              **CRONIN & BYCZEK, LLP**
                              *Attorneys for PLAINTIFF*
                              1983 Marcus Avenue, Suite C-120
                              Lake Success, New York  11042
                              (516) 358-1700

By: _____
           Linda M. Cronin (LC0766)

Exhibit "A"

*Scanned*
*Calendared*
*Noted*
*JRS*

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:     **Fernada Ramos**
        **7705 97th Avenue**
        **Ozone Park, NY 11416**

From:   **New York District Office**
        **33 Whitehall Street**
        **5th Floor**
        **New York, NY 10004**

[ ]     *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2012-00709** | **Esther Gutierrez,** **Investigator** | **(212) 336-3756** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]     The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]     Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]     The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]     Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]     The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]     The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]     Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kevin Berry jr*                    *April 5, 2012*

**Kevin J. Berry**                  *(Date Mailed)*
**District Director**

Enclosures(s)

cc:
**John J. Montes, Esq.**
**Detective**
**NYPD LEGAL BUREAU**
**1 Police Plaza**
**Room 1406**
**New York, NY 10038**

**Linda M. Cronin, Esq.**
**CRONIN & BYCZEK LLP**
**1983 Marcus Avenue**
**Suite C-120**
**Lake Success, NY 11042**